

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

## GAINESVILLE DIVISION

| | |
|---|---|
| | Civil Action File No.<br><br>**2:25-CV-0137**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, FAIR DEBT COLLECTION PRACTICES ACT, FAIR CREDIT REPORTING ACT, AND FRAUDULENT MISREPRESENTATION AND TRIAL BY JURY OF 12** |

Yvonne-M: Duncan a living woman presenting Sui Juris/Pro Se

          Plaintiff

v.

CAPITAL ONE, N.A., and
AYODELE O. UBOH, in his
individual and professional capacity,
Defendants.

          Defendants

---

**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, FAIR DEBT COLLECTION PRACTICES ACT, FAIR CREDIT REPORTING ACT, AND FRAUDULENT MISREPRESENTATION AND TRIAL BY JURY OF 12**

**COMPLAINT AND DEMAND FOR TRIAL BY JURY OF 12**

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

**COMES NOW,** Plaintiff Yvonne M. Duncan, a living woman, Georgian and one of the people appearing Sui Juris/Pro se', and files this Complaint against Defendants Capital One, N.A. ("Capital One") and Ayodele O. Uboh ("Uboh"), in his individual and professional capacity, for false claims regarding an alleged debt of $12,975.60, failure to verify or validate said alleged debt, and related violations of the False Claims Act (31 U.S.C. §§ 3729–3733), Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.), Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681 et seq.), and fraudulent misrepresentation under Georgia law (O.C.G.A. § 23-2-21). Defendants' actions, pursuing alleged debt without a signed contract or proof of ownership, proof of representation or verifying and validating the debt as requested constitute fraud, as fraud vitiates everything. See United States v. Throckmorton, 98 U.S. 61 (1878).

Plaintiff asserts her right to self-representation under Faretta v. California, 422 U.S. 806 (1975), and requests the Court construe this Complaint liberally under Haines v. Kerner, 404 U.S. 519 (1972) and Erickson v. Pardus, 551 U.S. 89 (2007), ensuring access to justice per 28 U.S.C. § 1654. Plaintiff demands due process under the Fifth and Fourteenth Amendments, including fair notice, opportunity to be heard, and impartial proceedings, as guaranteed by Mathews v. Eldridge, 424 U.S. 319 (1976). Plaintiff demands a trial by jury of 12 on all issues so triable, pursuant to the Seventh Amendment and FRCP 38(b).

## JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under the False Claims Act (31 U.S.C. §§ 3729–3733), FDCPA (15 U.S.C. § 1692 et seq.), and FCRA (15 U.S.C. § 1681 et seq.).

The Court has supplemental jurisdiction over the state law claim (O.C.G.A. § 23-2-21) under 28 U.S.C. § 1367, as it arises from the same case or controversy.

Venue is proper in the Northern District of Georgia, Gainesville Division, under 28 U.S.C. § 1391(b), as Plaintiff resides in Hall County, Georgia, and a substantial part of the events occurred here.

## STANDING

Plaintiff Yvonne M. Duncan has standing to bring this action as she has suffered concrete and particularized injuries directly traceable to Defendants' conduct. Defendants' pursuit of an alleged debt of $12,975.60 without a signed contract or proof of ownership, coupled with deceptive collection practices, inaccurate credit reporting, not verifying or validating the debt as requested, and fraudulent misrepresentations, caused Plaintiff financial harm ($3,000.00), reputational damage, and loss of time. These injuries satisfy Article III requirements of injury-in-

**COMPLAINT AND DEMAND FOR TRIAL**
**BY JURY OF 12**

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

fact, causation, and redressability, as established in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Plaintiff's disputes and Defendants' failure to validate the debt or correct credit reports demonstrate a direct causal link to her injuries, redressable by damages, injunctive relief, and declaratory judgment, per Spokeo, Inc. v. Robins, 578 U.S. 330, 338–41 (2016). Additionally, Plaintiff's status as the target of Defendants' alleged violations under the False Claims Act, FDCPA, FCRA, and Georgia law confers statutory standing, as recognized in Havens Realty Corp. v. Coleman, 455 U.S. 363, 373–74 (1982).

## PARTIES

**Plaintiff Yvonne M. Duncan** is an individual residing at 6185 Timberidge Drive, Gainesville, GA 30506.

**Defendant Capital One, N.A**. is a national banking association and FDIC-insured bank (12 U.S.C. § 1813(c)) with a principal place of business at 1090 Northchase Pkwy, Suite 300, Marietta, GA 30067, engaged in lending and alleged debt collection. For service of process, Capital One's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

**Defendant Ayodele O. Uboh** (GBN 330047) is an attorney licensed in Georgia, sued in his individual and professional capacity, with an address at 615 Wexford Ct, Acworth, GA 30102, acting as counsel for Capital One's agent, Lloyd & McDaniel, PLC, in the collection of the alleged debt.

## FACTUAL ALLEGATIONS

On April 11, 2025, Capital One, through its agent Lloyd & McDaniel, PLC and attorney Uboh, filed a Complaint in the Magistrate Court of Hall County, Georgia (Case No. 2025MV214227), alleging Plaintiff owes $12,975.60 on a credit card alleged debt. This claim is fraudulent due to the complete absence of a signed contract, lack of proof of alleged debt ownership, and the charged-off status of the alleged debt, constituting fraudulent misrepresentation under O.C.G.A. § 23-2-21 and 15 U.S.C. § 1692e. See United States v. Throckmorton, 98 U.S. 61 (1878); Adams v. Madison Realty & Dev., Inc., 937 F.2d 845 (3d Cir. 1991).

The legal principle of "fraud vitiates everything" applies, rendering Defendants' claim void. Under O.C.G.A. § 23-2-21, fraud nullifies contracts or judgments, as established in Throckmorton, 98 U.S. at 65–66 ("Fraud vitiates the most solemn contracts, documents, and

COMPLAINT AND DEMAND FOR TRIAL
BY JURY OF 12

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

even judgments"). Defendants' pursuit relies on a fabricated alleged debt claim without a signed contract, unenforceable under UCC § 3-401 and O.C.G.A. § 11-3-401 (In re Veal, 450 B.R. 897 (Bankr. D. Ariz. 2011)).

Uboh's failure to provide a contract or validation constitutes fraud on the court, voiding the claim (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944)). This principle ensures Defendants' deceptive actions, including reliance on hearsay, cannot bind Plaintiff (Holmes v. D'Camp, 1 Johns. 34 (N.Y. 1806)).

On January 2, 2025, Lloyd & McDaniel, as Capital One's agent, sent a collection notice (received January 10, 2025), stating a February 11, 2025, dispute deadline (File No. CP084771, Account No. ending 7441).

On January 22, 2025, Plaintiff disputed the alleged debt via certified mail (received January 27, 2025), demanding:
a. Alleged debt amount and computation.
b. Original signed contract.
c. Creditor identity and assignees.
d. Proof of charge-off by Capital One.

On January 16, 2025 (received January 24, 2025), Uboh, acting for Capital One, fraudulently threatened a lawsuit before February 11, 2025, violating 15 U.S.C. § 1692g(b). See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010).

On February 12, 2025, Uboh provided partial validation (account opened July 18, 2003; last payment January 5, 2024; balance $12,975.60, charged off) but failed to verify or validate the alleged debt by omitting any signed contract or proof of assignment, confirming the alleged debt's charged-off status and lack of enforceable basis. See In re Veal; UCC § 3-401.

Uboh's suspicious pursuit raises serious concerns, as Plaintiff has never met Uboh, knows nothing of his motives, and finds his aggressive actions without verification suspect. Uboh relied on second-hand information and hearsay, inadmissible under O.C.G.A. § 24-8-801 (McMillan v. Collection Prof'ls Inc., 455 F.3d 754 (7th Cir. 2006)). His failure to produce a contract or proof of authority suggests bad faith, potentially violating O.C.G.A. § 15-19-4 and Georgia Rules of Professional Conduct Rule 5.5 (Berger v. Cuyahoga Cty. Bar Ass'n, 983 F.2d 718 (6th Cir. 1993)). This conduct, pursued for Capital One, implies fraudulent intent, supporting O.C.G.A. § 23-2-21 (Hazel-Atlas).

On February 20, 2025, Plaintiff sent cease-and-desist notices to Lloyd & McDaniel, alleging:
a. Failure to notify credit bureaus of the dispute (TransUnion, February 26, 2024; Equifax, July

**COMPLAINT AND DEMAND FOR TRIAL**
**BY JURY OF 12**

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

2024; Experian, January 2025; all $12,975.60), violating 15 U.S.C. § 1692e(8). See Wilhelm v. Credico, Inc., 519 F.3d 416 (8th Cir. 2008).
b. Untimely notice (January 24, 2025), violating 15 U.S.C. § 1692g(a). See Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997).

In April 2025, Plaintiff sent two demands to Uboh for a signed contract, proof of alleged debt ownership, verification and validation of debt as well as a retainer agreement proving his authority, and his bar license. Uboh failed to provide any documents, evidencing fraud (O.C.G.A. § 15-19-4; Berger).

Defendants' continued collection without a signed contract violates 15 U.S.C. § 1692c(c). See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994).

Defendants' false claims, lacking a signed contract, impacted Capital One's FDIC-insured status (12 U.S.C. § 1813(c)) and avoided tax obligations on a charged-off alleged debt (26 C.F.R. § 1.166-1), violating 31 U.S.C. § 3729(a)(1)(A)–(B). See United States ex rel. Mikes v. Straus, 274 F.3d 687 (2d Cir. 2001).

Plaintiff incurred damages, including 20 hours of research at $100/hour ($2,000), $1,000 in costs (postage, printing, travel), totaling $3,000.00.

## BASIS FOR CLAIMS

Plaintiff's claims arise from Defendants' fraudulent and unlawful actions in pursuing an unenforceable alleged debt of $12,975.60 without a signed contract or proof of ownership, causing financial harm. The False Claims Act (31 U.S.C. § 3729(a)(1)(A)–(B), (G)) claim is based on Defendants' false representations to an FDIC-insured bank (Capital One) and tax avoidance on a charged-off debt (26 C.F.R. § 1.166-1), supported by United States ex rel. Mikes v. Straus, 274 F.3d 687, 695 (2d Cir. 2001). The FDCPA claims (15 U.S.C. §§ 1692c(c), 1692e(8), 1692e(10), 1692g(a)–(b)) stem from Uboh's premature lawsuit threats, failure to report disputes to credit bureaus, and continued collection post-cease-and-desist, backed by Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010), Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008), and Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994). The FCRA claim (15 U.S.C. § 1681s-2(b)) arises from Capital One's failure to investigate disputes or correct inaccurate credit reports, supported by Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148 (4th Cir. 2008). The fraudulent misrepresentation claim under O.C.G.A. § 23-2-21 is grounded in Defendants' false debt validity assertions, intended to deceive, as upheld in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944), and United States v. Throckmorton, 98 U.S. 61, 65–66 (1878). The absence of a signed contract renders the debt

COMPLAINT AND DEMAND FOR TRIAL
BY JURY OF 12

Civil Action No.

c/o Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

unenforceable under UCC § 3-401 and O.C.G.A. § 11-3-401, per In re Veal, 450 B.R. 897, 911 (Bankr. D. Ariz. 2011).

## CLAIMS FOR RELIEF

**Count I**: Violation of the False Claims Act (31 U.S.C. §§ 3729–3733)
Plaintiff incorporates Paragraphs 1–18.

Defendants knowingly presented false claims for an alleged debt of $12,975.60, lacking a signed contract or proof of ownership, as an FDIC-insured bank (Capital One) and its agent (Uboh), avoiding tax obligations on a charged-off alleged debt (26 C.F.R. § 1.166-1), violating 31 U.S.C. § 3729(a)(1)(A)–(B), (G). See Mikes v. Straus.

These actions caused Plaintiff financial harm ($3,000.00.00) and damaged federal banking integrity. Plaintiff seeks treble damages under 31 U.S.C. § 3729(a)(1) (United States v. Bornstein, 423 U.S. 303 (1976)).

**Count II**: Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)
Plaintiff incorporates Paragraphs 1–18.

Defendant Uboh, in his individual and professional capacity, a debt collector under 15 U.S.C. § 1692a(6) (Heintz v. Jenkins, 514 U.S. 291 (1995)), violated FDCPA by:
a. Threatening a lawsuit before the dispute deadline, violating 15 U.S.C. § 1692g(b). See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010).
b. Failing to notify credit bureaus of the dispute, violating 15 U.S.C. § 1692e(8). See Wilhelm v. Credico, Inc., 519 F.3d 416 (8th Cir. 2008).
c. Sending an untimely notice, violating 15 U.S.C. § 1692g(a). See Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997).
d. Continuing collection after cease-and-desist demands, violating 15 U.S.C. § 1692c(c). See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994).
e. Using deceptive practices by misrepresenting the alleged debt's validity without a signed contract, violating 15 U.S.C. § 1692e(10). See Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

Capital One is vicariously liable for Uboh's actions as its agent. See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

These violations caused Plaintiff $3,000.00 in damages and entitle her to statutory damages up to $1,000 per violation (15 U.S.C. § 1692k).

**Count III**: Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)
Plaintiff incorporates Paragraphs 1–18.

COMPLAINT AND DEMAND FOR TRIAL
BY JURY OF 12

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

Capital One, as a furnisher, furnished inaccurate credit information and failed to investigate Plaintiff's disputes or correct reports despite demands, violating 15 U.S.C. § 1681s-2(b) and § 1681i(a). See Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2008); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

These actions caused Plaintiff financial and reputational harm ($3,000.00.00) and entitle her to actual and punitive damages under 15 U.S.C. § 1681n.

**Count IV:** Fraudulent Misrepresentation (O.C.G.A. § 23-2-21)
Plaintiff incorporates Paragraphs 1–18.

Defendants, including Uboh in his individual and professional capacity, falsely represented the alleged debt as valid, knowing no signed contract or proof of ownership existed, with intent to deceive Plaintiff and induce payment. See Hazel-Atlas Glass Co.; O.C.G.A. § 23-2-21.

Plaintiff relied on these misrepresentations, suffering financial damages ($3,000.00) and reputational harm. See O.C.G.A. § 51-12-6; West v. Media Gen. Convergence, Inc., 53 S.W.3d 640 (Tenn. 2001).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yvonne M. Duncan, appearing Sui Juris/Pro se', respectfully requests that this Court:

Enter judgment in Plaintiff's favor on all counts, ensuring due process under the Fifth and Fourteenth Amendments, including fair notice, opportunity to be heard, and impartial proceedings, as guaranteed by Mathews v. Eldridge, 424 U.S. 319 (1976).

Award damages as follows, per FRCP 8(a):

**Relief Requested:**

Award False Claims Act penalties ($5,500–$11,000 per false claim) and treble damages as determined by the Court (31 U.S.C. § 3729(a); United States v. Bornstein, 423 U.S. 303 (1976)).

Grant injunctive relief, ordering Defendants to cease collection efforts and correct inaccurate credit reports.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY OF 12**

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

Issue a declaratory judgment that the alleged debt is unenforceable due to lack of a signed contract and fraud.

Provide clear hearing instructions to accommodate Plaintiff's Sui Juris/Pro se' status, per Bounds v. Smith, 430 U.S. 817 (1977).

| Category | Amount | Authority |
|---|---|---|
| Actual Damages time/costs) | $3,000.00 | O.C.G.A. § 15-10-80; Pickens v. Collection Servs. of Athens, Inc., 165 F. Supp. 2d 1376 (M.D. Ga. 2001) |
| FDCPA Statutory Damages (4 violations) | $4,000.00 | 15 U.S.C. § 1692k |
| FCRA Damages (actual + punitive) | $13,000.00 | 15 U.S.C. § 1681n |
| Fraud Punitive Damages | $10,000.00 | O.C.G.A. § 23-2-21 |
| Costs and Fees | $1,000.00 | 15 U.S.C. § 1692k(a)(3), § 1681n(a)(3) |
| TOTAL: | $31,000.00 | |

Grant a final total of **$31,000.00** in monetary damages, plus False Claims Act penalties and treble damages, and any other relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury of 12 on all issues so triable, pursuant to the Seventh Amendment and FRCP 38(b). As a matter of fundamental due process, a jury trial is essential to ensure a fair and impartial resolution of Defendants' fraudulent claims, particularly for a Sui Juris/Pro se' litigant facing a corporate entity and its counsel. Due process, guaranteed by the Fifth and Fourteenth Amendments and elucidated in Mathews v. Eldridge, 424 U.S. 319, 333 (1976), requires fair notice, an opportunity to be heard, and an impartial tribunal (Bounds v. Smith, 430 U.S. 817, 821 (1977)). A jury of 12 ensures unbiased evaluation of Defendants' baseless alleged debt claim and Plaintiff's claims, protecting against erroneous deprivation of property (Tucker v. State, 245 Ga. 68, 70 (1980)). The complexity of Defendants' fraud, pursued through Uboh's unverified and hearsay-based actions, necessitates a jury to assess credibility and evidence, as affirmed in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962).

COMPLAINT AND DEMAND FOR TRIAL
BY JURY OF 12

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

## SUMMARY

Plaintiff Yvonne M. Duncan, appearing Sui Juris/Pro se', alleges that Defendants Capital One, N.A. and Ayodele O. Uboh fraudulently pursued a $12,975.60 credit card debt without a signed contract or proof of ownership, violating the False Claims Act (31 U.S.C. §§ 3729–3733), Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), and Georgia's fraudulent misrepresentation law (O.C.G.A. § 23-2-21). Capital One, through its agent Lloyd & McDaniel, PLC and Uboh, filed a baseless lawsuit in Hall County Magistrate Court, relying on hearsay and unverified claims. Plaintiff disputed the debt, demanded validation, and issued cease-and-desist notices, but Defendants failed to provide a signed contract or correct inaccurate credit reports. Uboh's premature lawsuit threats, failure to report disputes, and continued collection efforts violated FDCPA and FCRA (Ellis, 591 F.3d 130; Saunders, 526 F.3d 142). The charged-off debt and lack of a contract render the claim unenforceable (UCC § 3-401; In re Veal, 450 B.R. 897), with fraud vitiating all actions (Throckmorton, 98 U.S. 61). Plaintiff suffered $3,000.00 in damages and seeks $31,000.00, False Claims Act penalties, treble damages, injunctive relief, and a declaratory judgment. The Court is requested to construe this Complaint liberally (Haines v. Kerner, 404 U.S. 519) and ensure due process (Mathews v. Eldridge, 424 U.S. 319).

Respectfully submitted,

_Yvonne M. Duncan_ _____       _May 21, 2025_ _____
Yvonne M. Duncan, All rights reserved UCC1-308          Date:

**COMPLAINT AND DEMAND FOR TRIAL**
**BY JURY OF 12**

Civil Action No.

c/o  Yvonne-M: [Duncan]
6185 Timberidge Drive
Gainesville, Georgia [30506]
704.477.2782 or lovemy23@yahoo.com

# AFFIDAVIT OF SERVICE

State of **GEORGIA**

County of **HALL**

1. I, the undersigned, of lawful age and sound mind, hereby affirm and attest as follows, as of <u>**May 20, 2025**</u>.
2. My legal name is: **YVONNE: DUNCAN**
3. My mailing address is: 6185 Timberidge Drive, Gainesville, Georgia 30506
4. I am over the age of 18.
5. Service including: Civil Cover Sheet, Summons and Complaint. For: YVONNE M. DUNCAN vs. Capital One and Ayodele (Ayo) Uboh.
6. AFFIDAVIT FOR YVONNE DUNCAN

**Service to:**

**Sidney O. Smith Federal Building & United States Courthouse**
**121 Spring Street SE Room 201**
**Gainesville, GA 30501-3789**

*The foregoing information is true and correct as of the date hereof.*

IN WITNESS THEREOF, the undersigned executes this Affidavit as of the date set forth above.

Signature: _Yvonne: Duncan_     Date: _May 21, 2025_

Printed Name: Yvonne: [Duncan]

STATE OF: <u>**GEORGIA**</u>        }

                                     }ss.

COUNTY: <u>**HALL**</u>        }

The foregoing instrument was acknowledged before me this date this ____21____ day of _May 2025_
____Manjula Kollapaneni____, 2025 by _Yvonne Duncan_ .
         Notary Print Name here

_____K. Mauji_____     SEAL:
         Notary Signature

My commission expires: _08/23/2025_

MANJULA KOLLAPANENI
NOTARY
EXPIRES
GEORGIA
8/23/2025
PUBLIC
FORSYTH COUNTY